# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| REBECCA BIGGS,<br><br>                **Plaintiff,**<br><br>v.<br><br>MEADE RECOVERY SERVICES, and EXPERIAN INFORMATION SOLUTIONS,<br><br>                **Defendants.** | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:13-cv-00301<br><br>United States District Court Judge Clark Waddoups<br><br>Magistrate Judge Dustin Pead |

This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C.§ 636(b)(1)(A) referral from District Court Judge Clark Waddoups (doc. 14). Currently pending is Plaintiff Rebecca Biggs' (Plaintiff) "Motion For Rule 11 Sanctions" seeking attorney fees from Defendants' attorneys Jonathan Jenkins and Daines Jenkins (doc. 17).

On August 1, 2013, Plaintiff submitted her one page "Motion for Rule 11 Sanctions" consisting of several brief sentences explaining that all of the relevant facts and arguments in support of the motion are found in the attached exhibits (doc. 17). A cursory review of the attachments reveals a copy of a "Joint Memorandum in Support of Motion To Strike Meade Recovery's Motion to Change Venue and for Sanctions, and Memorandum In Opposition to Meade Recover's Motion to Change Venue" filed by Plaintiff in state court (case number 130902307, Judge Kate Toomey), a copy of Plaintiff's state court Declaration, collections documents and correspondence between Plaintiff and Defendant Meade Recovery Services, and a copy of Plaintiff's state court Motion for Rule 11 Sanctions.

Local civil rule DUCivR 7-1 (a)(1) explains that a motion and supporting memorandum

must be contained in one document. Specifically, that document must include: "(A) [a]n initial separate section stating succinctly the precise relief sought and the specific grounds for the motion; and (B) [o]ne or more additional sections including a recitation of relevant facts, supporting authority, and argument." DUCiv R 7-1(a)(1)(A)and (B). Moreover, Federal Rule of Civil Procedure 11(c)(2) clearly states that a motion for sanctions, such as Plaintiff has filed, "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Plaintiff's motion does not comply with local or federal rules. Specifically, it fails to contain any recitation of relevant facts, authorities or argument.[1] Instead, Plaintiff appears to rely entirely upon a memorandum filed in a state court action in support of a motion to strike, motion to change venue and motion for sanctions.

For these reasons, Plaintiff's Motion For Rule 11 Sanctions is DENIED without prejudice (doc. 17). If appropriate, Plaintiff may submit a new motion in compliance with local and federal rules.

DATED this 28th day of August, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge

---

[1] As noted by Defendants, Plaintiff's motion also fails to contain a certificate of service.